IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BRENT LEWIS<br>821 Lakeshore Drive<br>Tuscola, IL 61953<br><br>   Plaintiff,<br><br>ILLINOIS CENTRAL RAILROAD COMPANY,<br><br>   Defendant.<br><br><u>SERVE</u>: Registered Agent<br>   Illinois Corporation Service<br>   801 Adlai Stevenson Drive<br>   Springfield, IL 62703 | )<br>)<br>)<br>)<br>)<br>)<br>) No.:_____<br>)<br>)<br>)<br>)<br>) **JURY DEMAND**<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S COMPLAINT**

COMES NOW Plaintiff, Brent Lewis, by and through his attorneys, and for his Complaint against Defendant, Illinois Central Railroad Company, states and alleges as follows:

1.   This action is instituted and prosecuted pursuant to the applicable provisions of the Federal Employers' Liability Act ("FELA"), 45 U.S.C.§ 51, <u>et seq</u>.

2.   That at all times herein Plaintiff, Brent Lewis, was a citizen of the United States and a resident of Douglas County, Illinois, and was an employee of Defendant, Illinois Central Railroad Company formally known as Canadian National/Illinois Central Railroad (hereinafter "IC") and/or Defendant's predecessor railroads.

3.   That at all times herein Defendant IC was and is a corporation organized and existing according to law, conducting business as a common carrier by railroad in and through interstate commerce with facilities, tracks and employees located in and through several states, including in the State of Illinois. At the time of commencement of this action, Defendant received, accepted and transported various shipments of freight in and through Illinois, including

both in intrastate and interstate commerce, and maintained offices and agents for the transaction of its business in said State, and, at the times hereinafter mentioned, was and is presently conducting business in Illinois within the true meaning and intent of Section 6 of the Federal Employers' Liability Act, as amended.

4. That at all times material herein, Defendant, IC, was an interstate carrier by rail and was engaged in interstate transportation and commerce; that from approximately September 4, 1976 through 1987 and June 2, 2008 through December 15, 2017, Plaintiff was and has been employed by Defendant as a conductor in Illinois and as such, was working and engaged in interstate transportation and commerce at the time of the occurrences hereinafter set forth, and at such times was working in the furtherance of Defendant IC's interstate commerce, and in work which directly, closely and substantially affected the general interstate commerce carried on by said Defendant as a railroad.

5. That while employed as a railroad worker for IC, and during the course and scope of his employment as a railroad worker for Defendant, Plaintiff was seriously injured while walking on uneven terrain and road ballast which did not meet the specifications of Defendant, riding on shoves, throwing switches, climbing off and on locomotives and railcars and walking in poorly lighted areas and otherwise engaged in work activities which resulted in the continuous, frequent and/or repetitive traumatic and cumulative traumatic exposes to Plaintiff's right foot.

6. That this Honorable Court has jurisdiction over Defendant IC pursuant to the Federal Employers' Liability Act ("FELA"), 45 U.S.C.§ 51, et seq., and that Plaintiff has commenced this action in a timely manner pursuant to 45 U.S.C. § 56.

7. That pursuant to the FELA, 45 U.S.C. § 51, *et seq.*, Defendant IC had a duty to provide Plaintiff with a reasonably safe place to work, reasonably safe equipment for work, and a duty to exercise ordinary care in connection with the maintenance, management, inspection and repair with regard to the tracks, ballast and walking and working conditions Plaintiff was required to work at and with Defendant.

8. Plaintiff states that his injuries and damages were due in whole or in part as a result of the negligent acts or omissions of the Defendant in failing to provide Plaintiff with a reasonably safe place to work in one or more of the following:

a) Failed to provide Plaintiff with a reasonably safe place to work

b) Failed to provide reasonably safe conditions for work; or

c) Failed to provide reasonably safe methods of work; or

d) Defendant failed to provide and maintain reasonably safe equipment or tools for work; or

e) Defendant failed to provide adequate protection from exposure to cumulative trauma; or

f) Defendant failed to warn Plaintiff of the danger of exposure to cumulative trauma; or

g) Defendant knew of the risks of cumulative trauma to its employees and failed to warn Plaintiff; or

h) Failed to comply with 49 C.F.R. 213; or

i) Defendant failed to maintain and/or adequately maintain the tracks, ballast, walkways and walking and working conditions in which Plaintiff was required to work at and with Defendant in a reasonably safe condition; or

j) Defendant violated one or more Federal Railroad Safety Statues with regard to Plaintiff's working environment in which Plaintiff was required to work at and with Defendant; or

k) Defendant violated one or more of the statutory provisions set forth in the applicable Code of Federal Regulations.

9. That Plaintiff's injuries were due, in whole or in part, to one or more of Defendant IC's aforementioned negligent acts or omissions, as well as other acts of negligence, in violation of the FELA, 45 U.S.C.§ 51, et seq.

10. That as a result of one or more of the Defendant's aforementioned negligent acts or omissions, in whole or in part, Plaintiff sustained injuries and will continue to suffer injuries and/or aggravation, acceleration and/or exacerbation of pre-existing conditions to his right foot, with vibration, injuries, bruising, straining, spraining, tearing, twisting and herniation and to the soft tissues, ligaments, tendons, muscles, cartilages, discs, bones, blood vessels, and nerves of his right foot, all of which have resulted in severe pain, limitation of motion, loss of function, sensory changes, neurological damage, dysfunction and scaring, resulting in Plaintiff suffering great bodily, mental, psychological and emotional pain and damages, as well as loss of enjoyment of life, and Plaintiff will continue to suffer such pain, mental anguish and anxiety in the future.

11. That as a result of one or more of the Defendant's aforementioned negligent acts or omissions, in whole or in part, Plaintiff he has sought and received medical, hospital, surgical, and therapeutic care and treatment and will continue to receive such additional care and treatment in the future; that he has expenses for his medical, hospital, surgical, and therapeutic care and treatment and will continue to incur such additional expenses in the future; and that he has sustained a substantial loss of wages and fringe benefits and will continue to sustain a loss of wages and fringe benefits into the future; all to his damage.

12. Plaintiff further states that as a direct result of the foregoing his ability to work and labor has been and will forever be seriously impaired, diminished, lessened and lost.

13. Less than three (3) years before this action was filed, Plaintiff discovered that he suffered from occupationally caused disabling cumulative trauma disorders to his right foot as a

result of exposures to occupational cumulative trauma, and until such time, Plaintiff was reasonably ignorant as to same.

WHEREFORE, Plaintiff Brent Lewis prays that judgment be entered against Defendant, Defendant, Illinois Central Railroad Company, in an amount that is fair and reasonable for the damages and losses suffered, together with all costs and disbursements, all in excess of Seventy Five Thousand Dollars ($75,000.00).

**PLAINTIFF DEMANDS TRIAL BY JURY**

LAW OFFICES OF PATRICK S. O'BRIEN L.L.C.

/s/ Patrick S. O'Brien
PATRICK S. O'BRIEN #3127549
326 South 21st Street, Suite 306
St. Louis, Missouri 63103
(314) 621-7474 Telephone
(314) 621-7476 Facsimile
pobrien@felainjury.com

**ATTORNEYS FOR PLAINTIFF**